NIPPON DRY GOODS CO. *v.* UNITED STATES

**No. 5314.**—Invoice dated Yokohama, Japan, December 14, 1934.
Certified December 15, 1934.
Entered at San Francisco, Calif., January 2, 1935.
Entry No. 6532.

(Decided June 16, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal to reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the court:

(1) That the rayon wearing apparel, from Japan, covered by this appeal, is of the same character and description as that covered by the decision in *United States* v. *Nippon Dry Goods Co.*, Reap. Dec. 5006, affirming Reap. Dec. 4704, and was appraised on the same basis, the issue herein being the same as the issue in the above-named case, and that the record in that case may be incorporated herein.

(2) That the appraised value of the rayon wearing apparel, from Japan, covered by this appeal, less the addition of 4 percent made by the appraiser by reason of the so-called Japanese consumption tax, represents the export value of such merchandise under the decisions above cited, and that there was no higher foreign value at the time of exportation thereof.

(3) That the appeal as to all other merchandise except rayon wearing apparel, from Japan, is hereby abandoned.

(4) That this case is hereby submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that for the rayon wearing apparel such value is the appraised value, less the addition of 4 per centum made by the appraiser by reason of the so-called Japanese consumption tax.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.